**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALCHEMY-SPETEC, LLC, : | |
| : | |
| Plaintiff, : | Case No. 2:19-cv-16805-BRM-ESK |
| : | |
| v. : | |
| : | **ORDER GRANTING** |
| : | **DEFAULT JUDGMENT** |
| LJS WATERPROOFING, LLC, et al. : | |
| : | |
| Defendants. : | |

**THIS MATTER** is opened to this Court by Plaintiff Alchemy-Spetec, LLC ("Plaintiff" or "Alchemy"), by its attorney, Courtney Mazzio, seeking Default Judgment against Defendant Scott Laubshire ("Laubshire") pursuant to Fed. R. Civ. P. 55(b)(1). (ECF No. 22.) The Complaint in this matter was filed on August 16, 2019 against LJS Waterproofing, LLC ("LJS"), John Bierman ("Bierman"), Lewis Kerman ("Kerman")[1], and Laubshire seeking damages as a result of breach of contract and breach of guarantee. (*See generally* ECF No. 1.) On August 23, 2019, Laubshire was served with a copy of the Complaint and, on August 26, 2019, the Declaration of Server was executed. (*See* ECF No. 4.) While Laubshire's answer was—pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i)—due no later than September 13, 2019, he has failed to answer or otherwise defend this action.

On October 31, 2019, the Court granted Plaintiff leave to seek entry of default against Laubshire (ECF No. 19) and, on November 14, 2019, the Clerk's Entry of Default was entered against Laubshire for failure to plead or otherwise defend. (ECF No. 20.) On December 16,

---

[1] On October 9, 2019, the Court entered a Joint Stipulation and Order of Dismissal with Prejudice as to LJS, Bierman, and Kerman. (ECF No. 18.)

2019, pursuant to this Court's order, Plaintiff filed a Motion for Default Judgment against Laubshire. (ECF No. 22.)

A default judgment may be entered "against a properly served defendant who fails to file a timely responsive pleading." *Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. Pro. 55(b)(2); *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir.1990)). The judgment must be entered by the court, rather than the clerk, where the amount is not sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

Entry of default judgment is within the discretion of the district court, although cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364. To determine the appropriateness of the entry of a default judgment, the Court may conduct a hearing when, "to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b).

Generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept Plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against Defendants. *Directv, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure* § 2688, at 58-59, 63 (3d ed. 1998)); *accord Louisiana Counseling & Family*

*Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, No. CIV 06-1664 RBK, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007).

The Court finds service of the Summons and Complaint were properly effectuated with respect to Laubshire, default was duly noted by the Clerk of the Court against Laubshire for its failure to plead or otherwise defend in this action, and the unchallenged facts as presented in Plaintiff's Motion and by counsel constitute a legitimate cause of action. Accordingly, having reviewed the papers in connection with this Motion and for good cause shown:

**IT IS** on this 5th day of June 2020,

**ORDERED** that Alchemy's Motion for Default Judgment (ECF No. 22) is **GRANTED**; and it is further

**ORDERED** that Default Judgment is entered against Laubshire; and it is finally

**ORDERED** that Alchemy recover of Laubshire the sum of $16,433.93, comprised of the following:

    (a) $9,795.43 for principal;

    (b) $309.12 for interest accrued as of 12/13/2018; and

    (c) $6,329.38 for attorneys' fees and costs

                                                             */s/ Brian R. Martinotti*
                                                               **HON. BRIAN R. MARTINOTTI**
                                                               **UNITED STATES DISTRICT JUDGE**